UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

DAVID KEITH OSBORN,

      Defendant.

Case No. 2:25-cr-20714
Hon. Matthew F. Leitman

---

## PRELIMINARY ORDER OF FORFEITURE

---

Based upon the Indictment, the Rule 11, the Government's Application for Entry of Preliminary Order of Forfeiture, and other information contained in the record, and pursuant to 18 U.S.C. § 2253(a)(3) and Rule 32.2, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The following property ("Subject Property") **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 2253(a)(3):

- Apple iPhone 15 cellular phone, Model: MTLV3LL/A, Serial Number: DF2Q39VQCL, black in color (25-FBI-006763).

for disposition according to law, and any right, title or interest of defendant, and any right, title or interest that his heirs, successors, or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

2.      The Subject Property has a sufficient nexus to the offense of conviction and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253(a)(3).

3.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant upon entry and the forfeiture shall be made part of the defendant's sentence and included in his Judgment.

4.      Upon entry of this Order, the United States, its designee, the Federal Bureau of Investigation, and/or the United States Marshals Service are authorized, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

5.      Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of

publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

7. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

8.     If a third-party files a timely petition for ancillary hearing regarding the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

9.     The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4